UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM D. ALVIES, | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-18-CCB-SJF |
| WARDEN, | |
| Respondent. | |

## **OPINION AND ORDER**

William D. Alvies, et al., a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for attempted murder under Case No. 49G06-1406-FA-29186.[1] Following a guilty plea, on December 4, 2014, the Marion Superior Court sentenced him to forty years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Alvies argues that he is entitled to habeas relief because attempted murder is not a crime under Indiana law and because his sentence exceeds the maximum sentence set forth in 18 U.S.C. § 1113.[2] The statute of limitations for habeas petitions states as follows:

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

[2] Though the court resolves the petition on procedural grounds, it briefly notes that Indiana statutes codify attempted murder as a criminal offense at Ind. Code § 35-41-5-1 and that the applicable sentencing range for those convicted of attempted murder under Indiana law is set forth at Ind. Code § 35-50-2-4(b).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on review of the petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. Alvies was sentenced on December 4, 2014, and he did not pursue a direct appeal. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for initiating a direct appeal expired on January 4, 2015. *See* Ind. R. App. 9(A)(1) (notice of appeal must be filed within thirty days). The federal limitations period expired one year later on January 4, 2016. Alvies did not file the petition in this habeas case until January 3, 2025.

2

Because Alvies filed the petition nine years too late, the court finds that the petition is untimely.

In the petition, Alvies argues that his petition is timely because "void judgment can be raised at any time." To Alvies' point, "[i]t has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, to raise sua sponte the subject-matter jurisdiction of the court at any time and at any stage of the proceedings." *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008). However, this principle does not extend to allow this court to entertain challenges to the judgments of other courts for lack of subject matter jurisdiction. To the contrary, federal habeas procedures, including the timeliness provisions set forth in 28 U.S.C. § 2244(d), expressly constrain the ability of this court to consider challenges to State court judgments in criminal cases. Because Alvies asserts no valid excuse for the untimely nature of the petition, the court will dismiss the petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Alvies to proceed further, and a certificate of appealability is denied.

As a final matter, the court observes that Alvies filed several unsigned appeal-related documents, including a notice of appeal, at the same time as the habeas petition initiating this case. ECF 2, ECF 3, ECF 4, ECF 5. The timing of these filings is unusual, predating any court order in this case, and court filings ordinarily must be signed. *See* Fed. R. Civ. P. 11(a). Consequently, the court declines to construe these filings as initiating an appeal of this order.

For these reasons, the court:

(1) **DISMISSES** the habeas petition (ECF 1) because it is untimely;

(2) **DENIES** William D. Alvies a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) **DIRECTS** the clerk to close this case.

SO ORDERED on January 23, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT